[No. 4781.]

## ANTONIO L. MAHONEY AND J. H. MAHONEY *v.* VALENTINE ALVISO, JOSEFA ALVISO AND ISHAM CASE.

EFFECT OF DECREE IN PARTITION ON RENTS.—If one of several tenants in common leases a portion of the common property to a tenant, and after the lease is made suit for partition is commenced and a decree entered which assigns to another of the tenants in common the land leased, the decree does not pass to the latter the rent of the leased land unless such rent falls due after the decree is made.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The complaint alleges that Antonio L. Mahoney, one of the plaintiffs, and Josefa Alviso, one of the defendants, were tenants in common along with other persons, in the Rancho Los Positos, lying in the county of Alameda. On the 3d day of October, 1872, said Josefa and defendant Valentine, her husband, leased to defendant Case a portion of the rancho described by metes and bounds, containing $158\frac{68}{100}$ acres, and that Case agreed to pay for the use of the same, for the season ending in the year 1873, the sum of three dollars per acre; that on the 6th day of November, 1872, an action for partition of the rancho was commenced in said court by Francisco Aureocochea and others, in which all the tenants in common were made parties; and such proceedings were had that on the 18th day of June, 1873, a final decree was made in the action by which the plaintiff, Antonio L. Mahoney, became seized in fee, in severalty, of the leased land, and thereby became entitled to the rents and profits of the same; that Case, the lessee, had full notice of the rights of the parties and the proceedings in partition; that on the 28th day of June, 1873, the plaintiffs notified Case to pay them the rent, but that he declined, and paid the same to the defendants, the Alvisos; and that the plaintiffs afterwards demanded that the Alvisos pay them the rent, but they refused. Judgment was asked for the rent at three dollars per acre. The defend-

ants demurred to the complaint, the court sustained the demurrer, and final judgment was entered for the defendants, and the plaintiffs appealed.

*W. H. and J. R. Glascock,* for the Appellants.

Rent is a part of the realty and passes with the land.

No proposition of the common law is more firmly established than that "both assignees in deed and assignees in law shall have the rent, because the rent being reserved of the inheritance, to him and his heirs, is incident to the reversion and goeth with the same." (Coke Litt. 215 b.; *Burden* v. *Thayer,* 3 Met. 76; *Calhoun* v. *Curtis,* 4 Met. 413; 10 Met. 127; 4 Gray, 393; 3 Gray, 408; *Marshall* v. *Mosely,* 21 New York, 280; *Bank Penn.* v. *Wise,* 3 Watts (Penn.), 398; *Boyd* v. *McCombs,* 4 Penn. St. R. (Barr.), 146; Menoughs' appeal, 5 Watts & Serg. (Penn.), 432; *Heavilon* v. *Heavilon,* 29 Ind. 509; *Crosby* v. *Loop,* 13 Ill. 625; *Gibbs* v. *Ross,* 2 Head (Tenn.), 437.)

*Edward J. Pringle and Noble Hamilton,* for the Respondents.

The complaint does not show *when* the rent became due. Appellant's counsel are evidently under the impression that the complaint shows this; but they are under a misapprehension. For aught that appears on the face of the complaint, the rent may have been payable in advance. We admit that the presumption sometimes prevails, when no time is stated, that rent falls due at the end of the time. But this is not so in pleading.

Now if the rent was due before the decree of partition, it did not pass to the plaintiff thereby. For although it is true that rent *to accrue* passes by an assignment of the reversion, it is as certainly true that rent *already accrued* does not pass by such an assignment. (Taylor, Landlord and Tenant, sec. 447.)

By the COURT:

It should have been stated in the complaint, if such were the fact, that the rents in controversy accrued subsequently

to the entry of the decree in partition, for it is upon this proposition, in the main, that the right of the plaintiffs to those rents would rest. There is no such averment found in the complaint in direct terms; nor do its allegations, fairly construed, amount to such an averment.

Judgment affirmed.