## WILLIAM SCULLY

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 28, 1882.*

1. TAXATION—*rents of land, as distinguished from the land itself.* Rent arrear is a *chose in action*, and taxable as a credit, but rent to grow due is a part of the land,—an incident to it, passing as such to a grantee,—and is therefore not subject to taxation against the owner of the land which is also taxed. The taxation of rents before due, is the taxing of something included in the taxation of the land.

2. An owner of lands leased the same, for several years in succession, for a cash rent, payable on the first day of January in each year, the terms commencing on the first day of March in the year. The assessor, through a period of years, assessed him with two months' rent,—that is, from March 1 to the first day of May,—as having accrued, though not due. The taxes not having been paid on these assessments, suit was brought against the owner to recover a personal judgment for the same: *Held*, that no recovery could be had, and the judgment below for the taxes was reversed.

APPEAL from the Circuit Court of Logan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BLINN & HOBLITT, for the appellant:

The leases executed by William Scully to tenants, before time of payment of rent, are not the subject of taxation under the revenue laws of this State, because the real estate having been taxed, the income from the real estate, before it is earned or collected, can not be assessed for taxation, and because neither the residence of the owner of the leases nor the *situs* of the personal property was in this State. *Sangamon and Morgan R. R. Co.* v. *County of Morgan*, 14 Ill. 165; *Mills* v. *Thornton*, 26 id. 301; *Irwin* v. *New Orleans, St. Louis and Chicago R. R. Co.* 94 id. 108; *St. Louis* v. *Ferry Co.* 11 Wall. 428; *Hoyt* v. *Commissioners*, 23 N. Y. 228; *People* v. *Hibernia Bank*, 51 Cal. 243.

Mr. R. B. FORREST, State's Attorney, for the People:

Rents to become due, payable in cash at a fixed period, are credits, and as such are assessable property.

Agents located in this State, conducting and carrying on a permanent business, are required to list to the assessor all credits belonging to their principals. Div. 2 of sec. 6, and secs. 9, 19, Revenue Laws of 1872; *Board, etc.* v. *Davenport*, 40 Ill. 197.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit instituted by attachment, against William Scully, for the recovery of $1427, as personal property taxes

for the years 1875, 1876, 1877, 1878, 1879 and 1880, appearing upon the collector's book of East Lincoln township, in Logan county, to be due and unpaid. There was a recovery by the plaintiff, and the defendant appealed.

The facts of the case are these: William Scully was a resident of England, and owned a number of farms in Logan county, in this State, which he leased through agents residing in Logan county. The rent under these leases was payable in cash, on the first day of January in each year. The assessor, in making his assessments for the years in question, assumed that on the first day of March, in each year, the leases were made, running for one or more years, and estimated that from March 1 to May 1 two months' rent had accrued upon the lands, and, upon that basis, that on the first day of May there was two months' rent accrued but not due, the assessor assessed, during the several years in question, this two months' rent, from March 1 to May 1, in each year, as a credit. It is the taxes levied upon these assessments which are the subject of this suit. It is the provision of our statute, that personal property shall be listed by the assessor with reference to the quantity held or owned on the first day of May of each year.

We are of opinion the claim here asserted is the taxation of something which was included in the taxation of the lands. The lands themselves were all the while taxed. In the valuation of the land itself for taxation there would be included in it, as an element, the value of the use of the land. The rent is but a representative of the use of the land, and taxing such rent against the owner of the land before it has accrued due, and during the same time the land is taxed, appears to be taxing a thing which was covered by the taxation of the land. Rent is defined as a certain profit issuing yearly out of land; and while accruing due to the land owner, is it not embraced in such year's valuation, assessment and taxation of the land? Had the owner himself

personally used and enjoyed the land, it would not be thought such use and enjoyment would be taxable aside from, and in addition to, the land. Rent arrear is a *chose in action*, and would be taxable as a credit; but rent to grow due is a part of the land,—is an incident to it,—and passes as such to a grantee, by a grant of the land. On the leases made on the first day of March, the rent payable on the first day of January after, there had no rent accrued due on May 1, two months after the making of the leases, but it had to grow due, and would not become due until January. Had the lessor, for, say, the last month of December, before the rents became due, evicted the lessees from the premises, then there would have been no rent at all due and collectible under the leases.

Being of opinion that the two months' rents in question were not properly taxable, it becomes unnecessary to consider other questions which have been raised. The judgment of the circuit court must be reversed, and the cause remanded.

*Judgment reversed.*