WM. L. KISSICK and SARAH E. KISSICK v. J. B. BOLTON, C.
    A. HOOVER AND BOLTON-HOOVER COAL COMPANY, Appellants.

**Mines and mining:** ROYALTIES: APPLICATION. A mining lease provided that the lessee should commence operations within one year and pay as rent a stipulated price per ton, but in case of failure to mine as agreed he should pay specified advance royalties for the first and second years and thereafter that royalties should amount to a specified sum each year. No coal was mined the first two years, but advance royalties were paid. *Held,* that the same should be applied on the royalties first actually earned thereafter, and not on the excess earned over the royalty guaranteed.

*Appeal from Mahaska District Court.*— HON. BYRON W.
                    PRESTON, Judge.

.WEDNESDAY, JUNE 5, 1907.

ACTION for royalty alleged to be due under a mining lease. A demurrer to the petition was overruled, and, as defendants refused to plead over, judgment was entered as prayed. Defendants appeal.— *Reversed.*

*John O. Malcolm,* for appellants.

*L. C. Blanchard* and *Robt. Kissick,* for appellees.

LADD, J.— This appeal is from the ruling on a demurrer to the petition. It seems that J. B. Bolton and C. A. Hoover had contracted with plaintiffs for the coal underlying their lands " at and for the consideration of six and one-fourth cents per ton for all screen lump coal passing over one and one-fourth-inch screen or such as may be provided by law, and four and one-fourth cents per ton · for mine run coal, which royalty shall be paid " monthly. They

agreed to " commence to take said coal from under said lands within one year from said date, and to begin to pay said royalty, but, in the event that for any reason the parties of the second part do not or cannot have said coal open and mining therefrom if such conditions should arise, they shall pay the party of the first part as advanced royalty for the first year $250.00, second year $300.00 and after the second year the second party guarantees that the royalty shall amount to as much as $400.00 for each and every year during the life of this contract or until all minable coal is removed from said land." Subsequently this contract was assigned to the Bolton-Hoover Coal Company. No coal was mined from the leased premises during the first two years of the term. In the third year the royalties amounted to $302.72 and in the fourth year to $227.91 up to August 1, 1905. In addition to the " advance royalty " of $250 for the first year and $300 for the second year, the defendants have paid $77.07 on royalties earned in the fourth year.

The defendants insist that the so-called " advanced royalty " of the first two years should be applied on royalties actually earned thereafter, and that plaintiffs are entitled to no further payments until these have been exhausted, save that the royalties earned after the first two years shall equal $400 per annum; while the plaintiffs contend that they are to receive at least $400 per annum after the first two years, and that the " advanced royalty " can be applied, if at all, only on the excess above said amount actually earned. The district court in overruling the demurrer construed the agreement to exact the actual payment, not only of the advanced royalties, but also of $400 per annum after the first two years, regardless of the amount of coal which might be mined. There can be no doubt as to the meaning of the term " advanced royalty." It was employed with reference to a failure to take coal out in the years mentioned, and must have been intended as payment in advance for coal subsequently to be mined. " Advance " is defined in Webster's

Dictionary, " to furnish, as money, or other value before it becomes due or in aid of an enterprise; to supply beforehand "; and in the Century Dictionary as " a going beforehand; a furnishing of something before an equivalent is received; or in expectation of being reimbursed in some way."

See, also, *Hartje v. Collins,* 46 Pa. 273; *Laflin & Powder Co. v. Burkhardt,* 97 U. S. 117 (24 L. Ed. 973); *Nolan v. Bolton,* 25 Ga. 355; 1 Am. & Eng. Ency. of Law (2d Ed.), 355. The manifest intention of the parties was that the lessees should begin mining the coal the first year, but, in event this might not be done, the lessors were not to be delayed in the receipt of the income contemplated, and, to obviate this, royalties were to be advanced by the lessees. This much seems to be conceded, and the dispute whether such advances are to be applied on royalties earned in the years. following, even though these do not exceed the $400 per annum stipulated or on the excess over that sum only. The word " royalty," as employed in the contract, means the share of the profit reserved by the owner for permitting the removal of the coal and is in the nature of rent. 20 Am. & Eng. Ency. of Law (2d Ed.), 782; 24 Am. & Eng. Ency. of Law (2d Ed.), 1009; *Atty. General v. Mercer,* 8 App. Cases, 778; *Western Union Tel. Co. v. American Bell Telephone Co. (C. C.),* 105 Fed. 687.

Now, the portion of the contract, following the stipulation with respect to " advanced royalty," does not relate to the payment of royalty as earned, but merely fixes the minimum amount for each year after the second year. The lessees do not guaranty that there shall still be paid plaintiff $400 per year, but " that the royalty shall amount to as much as $400.00 for each and every year during the life of this contract." If the royalty on the coal removed each year computed at six and one-fourth cents and four and one-fourth cents per ton amounts to $400, the guaranty is complied with; if not, the lessees are bound to make up the difference. There is nothing in the contract, however, indicating when

the money paid in advance for the first two years shall be applied, nor that $400 in royalty as stipulated shall be actually paid in each of the following years.    In these circumstances the money advanced should be applied on the royalties first earned, and, if this be done, there was nothing due the plaintiffs when this action was begun.    The royalties computed under the contract did not amount to $400 during the third year, but under the guaranty defendants were obligated to pay that amount.    This they had advanced during the two preceding years, and $150 besides.    In the fourth year the royalties amounted to $227.91, and they had paid thereon $77.07, which with the balance of the money advanced discharged the debt.

It follows that the district court erred in overruling demurrer, and the judgment is *reversed*.