**NELSON'S OFFICE SUPPLY STORES, INC., Respondent,**

v.

**COMMISSIONER OF REVENUE, Relator.**

No. C5–93–639.

Supreme Court of Minnesota.

Dec. 10, 1993.

Hubert H. Humphrey, III, Atty. Gen., Craig A. Anderson, Sp. Asst. Atty. Gen., Tax Litigation Div., St. Paul, for relator.

Bradley J. Janzen, Mpls, for respondent.

WAHL, Justice.

Relator Commissioner of Revenue (Commissioner) by petition for writ of certiorari, challenges a decision of the Tax Court holding that the word "rental" as used in the Minnesota Apportionment Statute, Minn.

Stat. § 290.191, subd. 10(e) (1990), for purposes of the Minnesota Alternative Minimum Tax Statute, Minn.Stat. § 290.092 (1990), does not include payments required to be made by a lease for a pro rata share of real estate tax, common area expenses, and utilities costs. Commissioner claims that the Minnesota Department of Revenue properly included real estate tax payments, common area maintenance expenses, and utility charges required by respondent Nelson's Office Supply Store's leases in valuing respondent's rented property for purposes of the alternative minimum tax. Respondent argues that the Commissioner's interpretation of the statutes is contrary to the proper meaning of the statutes and also violates the Uniformity Clause of the Minnesota Constitution. For the reasons set out in this opinion, we reverse.

Respondent, a seller of office supplies and related products at retail, rented space at eight retail shopping centers throughout the Twin Cities area during its 1988, 1989, and 1990 taxable years. The lease agreements required respondent to pay an amount for minimum rent and, in all but two leases, "percent rent" based on amount of sales. In addition, the leases, in varying ways, required respondent to make payments for real estate taxes, common area expenses, and utility costs. Some leases characterized the payments for these expenses as additional rent.

Respondent filed Minnesota Corporate Tax Returns for fiscal years ending May 31, 1988, 1989, and 1990. It computed Minnesota alternative minimum tax liability for each year, but failed to include "capitalized rent" in its alternative minimum tax base as was required.

The Minnesota Department of Revenue reviewed respondent's 1988, 1989, and 1990 tax returns and issued a Notice of Change in Tax on September 31, 1991. The notice indicated an increase in tax due to the Commissioner's inclusion of "capitalized rent" in determining respondent's alternative minimum tax base. The Commissioner included in "rent" property taxes, utilities, and common area charges

paid by respondent pursuant to the lease terms.

Respondent appealed the Notice to the Appeals Office of the Department, contending that the word "rent" did not include payments required to be made under the leases for a proportionate share of real estate taxes, common area expenses, and utilities costs. The Commissioner affirmed the Department's determination of rent. The Tax Court, on respondent's appeal, reversed the Commissioner's order to the extent that the calculation of rent included real estate tax, common area expenses, and utilities costs. This appeal followed.

The Commissioner asks this court to decide whether for purposes of the Minnesota Alternative Minimum Tax Statute, Minn.Stat. § 290.092 (1990), the word "rentals" as used in the Minnesota Apportionment Statute, Minn.Stat. § 290.191, subd. 10(e) (1990), includes payments required to be made under a lease for real estate taxes, common area expenses, and utilities costs.

The Minnesota Corporate Tax Act creates, at Minn.Stat. § 290.092, an alternative minimum tax for corporations. The alternative minimum tax is "equal to the excess, if any, of:

(1) .001 multiplied by the alternate minimum tax base, over

(2) the amount of tax computed under this chapter without regard to this section."

Minn.Stat. § 290.092, subd. 1 (1990).

The alternative minimum tax base is equal to "the sum of:

(1) the total amount of Minnesota sales or receipts;

(2) the amount of the taxpayer's total Minnesota property; and

(3) the taxpayer's total Minnesota payrolls; less the exemption amount, if any."

Minn.Stat. § 290.092, subd. 3 (1990).

"Minnesota property" is defined at Minn. Stat. § 290.092, subd. 4(b) as "total Minnesota tangible property as provided in section 290.191, subdivisions 9 to 11 * * * * "[1]

---

1. Section 290.191, the Apportionment Statute, is

used to apportion income among states in in-

Minn.Stat. § 290.191, subd. 10(e) (1990), the rental property valuation provision of the apportionment statute, provides:

> Property that is rented by the taxpayer is valued at eight times the net annual rental. Net annual rental is the annual rental paid by the taxpayer less any annual rental received by the taxpayer from subrentals.
>
> \* \* \*

The word "rent" or "rental" is not defined in the Apportionment Statute, nor, as the Tax Court noted, was it defined by the Department of Revenue Rule, Minn.R. 8017.-3000, subp. 5 (1987), repealed by 1987 Minn. Laws c. 268, art. 1, § 128, which was codified in the Apportionment Statute or by the Uniform Division of Income for Tax Purposes Act (UDITPA), 7A U.L.A. 331 (1985 & 1992 Supp.), provisions of which the Rule adopted. However, the Minnesota legislature, in Minn. Stat. § 290A.03, subd. 11 (1990), defined "rent constituting property taxes" as "the amount of gross rent actually paid in cash, or its equivalent, which is attributable (a) to the property tax paid on the unit or (b) to the amount paid in lieu of property taxes \* \* \* \*" "Gross rent" is defined as "rental paid for the right of occupancy, \* \* \* exclusive of charges for any medical services furnished by the landlord as part of the rental agreement \* \* \* \*" Minn.Stat. § 290A.03, subd. 12 (1990).

Within this definitional context, the Commissioner argues that "rent" or "rental" means all payments made by a tenant for the use of space including real estate tax, common area expenses, and utility expense. The respondent, on the other hand, argues that "rent" means base rent plus percentage rent, but does not include real estate tax, common area expenses, and utilities expense. The Tax Court considered both definitions of "rent" to be plausible and determined from the history and wording of the Apportionment Statute that the legislature intended to employ the income capitalization method to value rental property thereby intending the word "rent," as used in the Apportionment Statute and in the alternative minimum tax calculation, to be net of real estate tax, common area expenses, and utility costs.

■ We agree with the Tax Court that two interpretations of the word "rental" as used in the Apportionment Statute are possible. We must therefore "ascertain probable legislative intent \* \* \* to give the statute a construction consistent with that intent." *Beck v. City of St. Paul,* 304 Minn. 438, 445, 231 N.W.2d 919, 923 (1975). After determining probable legislative intent, we must adopt the most logical and practical definition. *See Industrial Rubber Applicators, Inc. v. Eaton Metal Prods.,* 285 Minn. 511, 515, 171 N.W.2d 728, 732 (1969).

■ The Commissioner makes two main arguments challenging the Tax Court's construction of the word "rental" as used section 290.191, subd. 10(e). First, the Commissioner argues that the plain statutory language contradicts the Tax Court's holding. Statutory language should be "construed according to [its] common and approved usage \* \* \* \*" Minn.Stat. § 645.08(1) (1992). The Commissioner argues that its construction of "rent" is consistent with approved usage because "economically fair rental payments must reimburse the lessor, among other things, for the categories of payment in this case." Black's Law Dictionary defines "rent" as "consideration paid for use or occupation of property." And this court, in 1916, described "rent" as "compensation which the occupier pays the landlord for that species of occupation which the contract between them allows." *State v. Royal Mineral Ass'n,* 132 Minn. 232, 235, 156 N.W. 128, 129 (1916). Under *Royal Mineral,* the Commissioner argues that all payments required to be made under a lease are compensation to the landlord. The Commissioner also states, and this statement is not contravened, that respondent itself characterized all payments required to be made by the leases as "rent" on its federal tax returns for the years in question.

---

stances in which a taxpayer conducts business in Minnesota and in other states. Subdivisions 9 through 11 set forth the rules governing the calculation of the property factor in a three fac-

tor apportionment formula (Minnesota sales, property, and payroll), the same three factors used in section 290.092, subd. 3, in computing the alternative minimum tax base.

Second, the Commissioner argues, and we agree, that the history and consistent administrative interpretation of subdivision 10(e) support the Commissioner's construction of that subdivision. The purpose of the Apportionment Statute as used in the Alternative Minimum Tax Statute is to value Minnesota rental property. The legislature codified a departmental rule, Minn.R. 8017.3000, subp. 5 (1987) (repealed 1987), in enacting the valuation provision of the Apportionment Statute. The departmental rule codified a provision of section 11 of UDITPA. Through these two codifications, the language of the valuation provision has been essentially unchanged. The Commissioner argues, and we agree, that nothing in the history of the statute "compels the conclusion that [the legislature] intended the capitalization rate to be applied to net rental figures," that is, to rental figures derived by subtracting payments required by a lease for property taxes, common area expenses, and utility costs. The record indicates that the Commissioner interpreted the word "rent" in the valuation formula both before and after its codification in the Apportionment Statute to mean all payments required by a lease. In enacting subdivision 10(e) and adopting Minn.R. 8017.3000, subp. 5 (1987) (repealed 1987) without change, the legislature was undoubtedly aware of the Department's interpretation and administration of the rule and endorsed that construction. *See In re Cold Spring Granite Co.,* 271 Minn. 460, 469, 136 N.W.2d 782, 788 (1965). Furthermore, the administrative construction of these technical provisions is entitled to great weight. Minn.Stat. § 645.16(8) (1992). *See Mankato Citizens Tel. Co. v. Commissioner of Taxation,* 275 Minn. 107, 112, 145 N.W.2d 313, 317 (1966).

Accordingly, we reverse the Tax Court and hold that the word "rentals" as used in Minn. Stat. § 290.191, subd. 10(e), the Minnesota Apportionment Statute, for purposes of Minn.Stat. § 290.092, the Minnesota Alternative Minimum Tax Statute, means all payments required to be made for the use of property, including the real estate taxes, common area expenses, and utilities charges required to be made by the leases in this case.

This holding makes it necessary for us to consider respondent's claim that such a construction of Minn.Stat. § 290.191, subd. 10(e) as applied to the computation of a corporate taxpayer's alternative minimum tax under Minn.Stat. § 290.092 violates the Uniformity Clause of Article X, Section 1 of the Minnesota Constitution. The Tax Court did not reach this issue, but the parties have briefed the constitutional issue, and we consider it.

Where a challenged economic classification is at issue, the court applies a rational basis test, under which the courts are especially deferential where complex tax laws are involved. *John Hancock Mut. Life Ins. Co. v. Commissioner of Revenue,* 497 N.W.2d 250, 253 (Minn.1993). The respondent does not make clear what economic classification it is challenging in this case as violative of the Uniformity Clause. The Commissioner correctly points out that the alternative minimum tax, as imposed by sections 290.092 and 290.091, analytically is identical to the income tax levied on apportionable income under the factor formula established by section 290.191 and that this court repeatedly has sustained various applications of this formula against constitutional challenge. *See, e.g., NCR Corp. v. Commissioner of Revenue,* 438 N.W.2d 86, 91 (Minn.1989), *cert. denied,* 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 103 (1989). No other viable challenge is made. Construing "rentals," as used in Minn.Stat. § 290.191, subd. 10(e) for purposes of Minn. Stat. § 290.092, to mean all payments required to be made for the use of property, including real estate taxes, common area expenses, and utilities charges, does not violate the Uniformity Clause of Article X, Section 1 of the Minnesota Constitution.

We reverse the decision of the Tax Court.

Reversed.